IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JAMES L. BENNETT, JR., Defendant. | 8:22-CR-287 ORDER DENYING MOTION TO ALLOW TEMPORARY COMPASSIONATE RELEASE OR FURLOUGH |

On Friday, February 2, 2024, Counsel for James L. Bennett, Jr., filed a "Motion to Allow Temporary Compassionate Release of Furlough" with the Court. Filing 39. Bennett previously pleaded guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1) and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Filing 37 at 1. The Court sentenced Bennett on September 20, 2023, to a term of 46 months of incarceration on the drug offense and a term of 60 months of incarceration on the firearm offense, to be served consecutively. Filing 37 at 1.[1] The Court also imposed a three-year term of supervised release on the drug offense, and a five-year term of supervised release on the firearm offense, to run concurrently. Filing 37 at 3.

Bennett requests that he be granted "temporary compassionate release or furlough" because his wife is currently hospitalized in Omaha, Nebraska, awaiting major surgery that could lead to paralysis. Filing 39 at 1. Because Bennett's wife is the sole caregiver for Bennett's 16 year-old child, he asks that he be temporarily released to either his brother or cousin so that he can "care for his minor child during this period in which is wife is incapacitated and unable to provide" the child with care. Filing 39 at 2. Bennett's Counsel advises the Court that he is currently incarcerated

---

[1] Even prior to his sentencing hearing on September 20, 2023, Bennett had already been in custody since January 3, 2023. Filing 8 (Text Minute Entry); Filing 12; Filing 31 at 24.

1

at USP Leavenworth and does not have a Bureau of Prisons Case Manager assigned to him. Filing 39 at 1. Bennett's Counsel also tells the Court that, "[d]ue to lockdown hours, [Bennett] does not have access to request internal Bureau of Prisons attention to this matter." Filing 39 at 1. Bennett asks "to return to USP Leavenworth by 6:00 p.m. on Friday, February 9, 2024." Filing 39 at 1.[2]

The Court questions whether it has the authority to grant this Motion under the authority cited by Bennett. *See* U.S.S.G. § 1B1.13, Application Note 1 ("A reduction of a defendant's term of imprisonment under this policy statement is not appropriate when releasing the defendant under 18 U.S.C. § 3622 for a limited time adequately addresses the defendant's circumstances.").[3] He contends that his request is permitted by U.S.S.G. § 1B1.13(3)(A) "or" U.S.S.G. § 1B1.13(3)(B), which relate to the Compassionate Release Statute set forth in 18 U.S.C. § 3582(c)(1)(A). *See* Filing 39 at 2. This statute provides, in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

---

[2] In the Motion, Counsel for Bennett asks that the Court "consider this matter expediently as [Bennett's wife] is expected to undergo surgery on February 2, 2023 or February 5, 2024." Filing 39 at 1. However, the undersigned did not become aware of this Motion until the morning of February 5, 2024, when Court staff was conducting a review of the docket entries that had been filed on the last previous business day—Friday 2, 2024. It does not appear that Counsel for Bennett independently alerted any of this Court's staff that a Motion counsel contends to be time-sensitive of this nature been filed.

[3] Bennett does not invoke 18 U.S.C. § 3622 in his Motion. This statute provides, in pertinent part, that "The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2)[.]" 18 U.S.C. § 3662. Bennet's Motion seeks relief from the Court, not the Bureau of Prisons. *See United States v. Premachandra*, 78 F.3d 589 (8th Cir. 1996) (per curiam) ("We agree with the district court that 18 U.S.C. § 3622 vests authority to grant medical furloughs with the Bureau of Prisons (BOP), not the federal courts.").

18 U.S.C. § 3582(c)(1)(A).

However, assuming *arguendo* that either the authority upon which Bennett relies or some other provision of law would permit the Court to grant him the relief he seeks, the Court would not do so. The Court does not discount the undeniably sad set of circumstances that led to the filing of this Motion. Nevertheless, the practical realities at hand dissuade the Court from releasing Bennett for such a short period of time—especially given that his wife's surgery has already occurred by this point. To have Bennett temporarily released now with an Order to return to USP Leavenworth in three days in and of itself counsels against granting this Motion.

To be sure, the Court would reach the same conclusion even if it had been alerted to the filing of this Motion immediately. Bennett has been in custody for over a year and, therefore, has not served in a traditional caregiver capacity for his teenage child since at least January 3, 2023. Indeed, Bennett was initially detained pending trial based upon the determination he failed to rebut the presumption that "no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community[.]" Filing 12 at 1. Bennett was ultimately sentenced to a significant term of incarceration based upon his admission that he committed a drug trafficking crime and possessed a firearm in furtherance of such a crime. Again, even if the Court could grant Bennett the relief he seeks as a matter of temporary compassionate release under 18 U.S.C. § 3582(c), consideration of the relevant factors under 18 U.S.C. § 3553(a) strongly counsel against granting the Motion.[4] Accordingly,

---

[4] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A)–(C), (6).

3

IT IS ORDERED: Bennett's Motion to Allow Temporary Compassionate Release or Furlough is denied.

Dated this 6th day of February, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

4